UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RACHEL LEAH GARCIA O/B/O R.A.S.,

                           Plaintiff,

                  v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                         Defendant.

_____

DECISION AND ORDER

16-CV-6378L

       Plaintiff Rachel Leah Garcia ("plaintiff"), on behalf of her minor daughter, R.A.S., appeals from a denial of continued Social Security benefits by the Commissioner of Social Security ("the Commissioner"), based on the Commissioner's finding that R.A.S., who was previously determined to be disabled, had experienced medical improvement to the point that she was no longer disabled as of June 2, 2010.

       R.A.S. was initially found to be disabled as of August 19, 2004, due to low birth weight. (T. at 57). On June 2, 2010, it was determined that R.A.S., then five years old, had ceased to be disabled as of that date. Plaintiff requested reconsideration by a Disability Hearing Officer, and the decision was upheld on reconsideration. Plaintiff requested a hearing, which was held on Mary 23, 2013 before Administrative Law Judge ("ALJ") Brian Kane. (T. 650-84). Due to delays in acquiring additional documentation, the ALJ did not issue a decision until May 22, 2014, concluding that R.A.S. was not disabled. (T. at 16-32). That decision became the final decision of the Commissioner when the Appeals Council denied review on April 12, 2016. (T. 6-9). Plaintiff now appeals.

Plaintiff has moved (Dkt. #10) and the Commissioner has cross moved (Dkt. #13) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons that follow, I find that the Commissioner's decision is not supported by substantial evidence, and that the ALJ failed to complete the record. The Commissioner's cross motion (Dkt. #13) is denied, plaintiff's motion (Dkt. #10) is granted, and the matter is remanded for further proceedings.

## DISCUSSION

### I.     Relevant Standards

Because the claimant is a child, a particularized, three-step sequential analysis is used to determine whether she is disabled. First, the ALJ must determine whether the child is engaged in substantial gainful activity. *See* 20 CFR §416.924. If so, the claimant is not disabled. If not, the ALJ proceeds to step two, and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act. If not, the analysis concludes with a finding of "not disabled." If so, the ALJ continues to step three.

At step three, the ALJ examines whether the claimant's impairment meets or equals the criteria of a listed impairment. If the impairment meets or medically equals the criteria of a listing and meets the durational requirement (20 CFR §416.924) – that is, if the child's impairments are functionally equivalent in severity to those contained in a listed impairment – the claimant is disabled. If not, she is not disabled. In making this assessment, the ALJ must measure the child's limitations in six areas: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for herself; and (6) health and physical well-being. Medically determinable impairments will be found to equal a listed impairment where they result in "marked" limitations in *two or more*

domains of functioning, or an "extreme" limitation in one or more. 20 CFR §§416.926a(a), (d) (emphasis added).

The Commissioner's decision that R.A.S. is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel,* 167 F.3d 770, 774 (2d Cir. 1998) (quoting *Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir.1997)). Still, "it is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).

## II.     The ALJ's Decision

The ALJ first concluded that R.A.S.'s impairment at the time of the initial determination (low birth weight) had improved as of June 2, 2010. He found that since that date, R.A.S. has had the following severe impairments: attention deficit hyperactivity disorder ("ADHD"), autism spectrum disorder, asthma, and hearing loss in the right ear. He then proceeded to analyze whether R.A.S. has any "marked" or "extreme" limitations in any of the six domains of functioning. Based on the medical, educational and testimonial evidence presented, the ALJ

3

concluded that since June 2, 2010, R.A.S. has had no limitation in acquiring and using information,

no marked limitation in attending and completing tasks, no marked limitation in interacting and

relating with others, no marked limitation in moving about and manipulating objects, and less than

marked limitations in health and physical well-being.   The ALJ accordingly concluded that R.A.S.

is "not disabled."   (T. at 20-26).

## III.    The ALJ's Duty to Complete the Record

Plaintiff argues that the record contains several gaps, and that the ALJ failed to fulfill his

duty to assist the *pro se* plaintiff in completing the record.   The Court concurs.

First, the record does not contain a single opinion from any treating source which analyzes

R.A.S.'s abilities and limitations specific to the relevant listings (ADHD, autism spectrum

disorder), or which purports to specifically assess the claimant's functionality in the six functional

domains.   While the ALJ's decision did briefly summarize a September 15, 2010 opinion from

Dr. Sara Jonovich, who had "seen [claimant] twice" for "diagnostic sessions" and opined that

plaintiff had ADHD and has "limited insight . . . impulsivity [and] impaired judgment" as a result,

the ALJ did not specify what weight, if any, he assigned to that opinion, or explain how it supported

his findings.   (T. 27, 388-94).   The record also lacks opinion evidence addressing the listings or

the six domains from, inter alia, plaintiff's treating pediatrician Dr. Jennifer Murzycki, and treating

psychologist Dr. Tiarney Ritchwood.

"Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ

generally has an affirmative obligation to develop the administrative record."   *Perez v*. Chater, 77

F.3d 41, 47 (2d Cir. 1996).   This includes the duty "to investigate and develop the facts and

develop the arguments both for and against the granting of benefits."   *Butts v. Barnhart*, 388 F.3d

377, 386 (2d Cir. 2004).   Where, as here, the plaintiff is proceeding *pro se* (T. at 16), this duty is

heightened. *Moran v. Astrue*, 569 F.3d 108, 113 (2d Cir. 2009). Because the opinions of treating physicians are entitled to controlling weight, where the record lacks opinion evidence from a treating physician assessing a claimant's impairments, the ALJ has generally "f[allen] short of discharging [his] duty to develop the record," and remand is required. *Santos v. Barnhart*, 2004 U.S. Dist. LEXIS 26540 at *23 (E.D.N.Y. 2004). *See also Bailey v. Colvin*, 2014 U.S. Dist. LEXIS 77760 at *22-*25 (N.D.N.Y. 2014) (remanding for further development of the record, where the record does not contain acceptable opinion evidence from a treating source).

The Commissioner argues that despite the lack of opinion evidence from a treating source, the record nonetheless contains substantial evidence to support the ALJ's decision, in the form of statements from R.A.S.'s mother, opinions from her teachers, reports from a school psychologist and speech pathologist, and scattered treatment records and educational assessments. While all of these items are undisputedly of some relevance, taken as a whole they do not amount to substantial evidence. Much of the evidence of record was created for purposes unrelated to R.A.S.'s disability claim (e.g., assessing the fitness of her classroom setting to her educational needs, parent-teacher conference reports). As a result, none of the opinions from treating or examining sources, and none of the reports by educational sources familiar with R.A.S., even appear to address the six domains of functioning by name, nor are they otherwise well-tailored to the function-by-function assessment the ALJ was required to undertake. Where, as here, an ALJ makes "a conclusory finding" based on sources that don't squarely address the six domains, "the ALJ has frustrated the Court's ability to review his decision in order to determine whether it is supported by substantial evidence," and remand is required. *Smith v. Astrue*, 2011 U.S. Dist. LEXIS 31513 at *18 (N.D.N.Y. 2011).

**CONCLUSION**

For the foregoing reasons, I find that the ALJ's decision was not supported by substantial evidence, and was based on an incomplete record. The plaintiff's motion for judgment on the pleadings (Dkt. #10) is granted, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #13) is denied. The Commissioner's decision is reversed, and the matter is remanded for further proceedings, including the solicitation of opinions from the claimant's treating physicians that specifically assess her abilities and limitations relative to the listings for ADHD and autism spectrum disorder, and the six relevant functional domains.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       February 28, 2018.